United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 29, 2007**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

m 06-30729
Summary Calendar

RAYMOND RICHARDSON,

Plaintiff-Appellant,

VERSUS

UNITED STATES POSTAL SERVICE,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
m 5:02-CV-1831

Before SMITH, WIENER, and OWEN,
Circuit Judges.

PER CURIAM:[*]

[*] Pursuant to 5TH CIR. R. 47.5, the court has de-
termined that this opinion should not be published
and is not precedent except under the limited cir-
cumstances set forth in 5TH CIR. R. 47.5.4.

Raymond Richardson sued the United
States Postal Service ("USPS"), alleging em-
ployment discrimination and constitutional vio-
lations. The district court granted the USPS's
motion for summary judgment, and we affirm.

I.

The Postal Service has employed Richard-
son, who is black, as a mail handler since
1985. In January 1997 Richardson suffered a
stroke. A few months later, his two doctors

completed a "request for a light duty assignment" on his behalf and stated he was ready to return to work, but the reports contained discrepancies. The doctors wrote new reports, both of which stated Richardson had difficulty with speech and comprehension. Richardson then underwent a fitness-for-duty exam at the direction of the USPS. The examining doctor recommended that he not lift over fifty pounds or operate or be around heavy equipment.

Based on the doctors' requests and the exam report, the USPS in July 1997 denied Richardson's request for light duty, because "[a]ll examinations still indicate that you have difficulty with comprehension/understanding. This may present a safety problem in our work." After a second fitness-for-duty exam in December 1997, also scheduled by the USPS, Richardson was notified to report back for duty in January 1998, and he resumed his work.

After pursuing relief through administrative channels,[1] Richardson, proceeding *pro se*, sued, alleging discrimination based on disability, hostile work environment, interference with Family and Medical Leave Act leave, violations of procedural due process, and breach of contract. Unable to decipher Richardson's claims, the district court ordered him twice to file statements outlining the specific claims he was asserting.

The court based its summary judgment on Richardson's second statement in which he alleged race discrimination under title VII, 42 U.S.C. § 2000e-16, *et seq.*, disability discrimination under the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*, and due process violations under the Fifth Amendment. He asserts that he suffered these ills from March 1997, when his doctors released him to return to work after his stroke, until January 1998, when he resumed work. More specifically, he claims injury from the USPS's failure to grant his request for light duty and its insistence on his second fitness-for-duty examination, which delayed his return. In his briefs on appeal, Richardson asserts claims beyond those involved in the summary judgment ruling, but we limit our discussion to the issues resolved by the district court.[2]

## II.

We apply the familiar standard of review of summary judgments.

> We review a grant of summary judgment *de novo*, applying the same standard as the district court. A motion for summary judgment is properly granted only if there is no genuine issue as to any material fact. An issue is material if its resolution could affect the outcome of the action. In deciding whether a fact issue has been created, we must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.

*Roberts v. Cardinal Servs.*, Inc., 266 F.3d 368, 373 (5th Cir. 2001) (internal citations omitted).

---

[1] The district court's ruling outlines Richardson's successes and failures before the Equal Employment Opportunity Services and the Merit Systems Protection Board. Our disposition in this opinion does not require recounting those proceedings.

[2] The district court explicitly stated that these three claims were the only claims at issue before it. It summarily dismissed other claims Richardson had previously raised.

First, Richardson's contention that the USPS discriminated against him because of his race fails because he offered no evidence that the USPS's legitimate, nondiscriminatory reason for its adverse employment decision was false or pretext for illicit discrimination. Under *McDonnell Douglas*'s burden-shifting framework,[3] Richardson must establish a *prima facie* case of discrimination. *Frank v. Xerox Corp.*, 347 F.3d 130, 137 (5th Cir. 2003). If a plaintiff is successful, the burden shifts to the employer to proffer a legitimate, non-discriminatory reason for its adverse employment decision. *Id.* If it does so, the burden shifts back to the employee to demonstrate that the employer's reason was a pretext for discrimination. *Id.*

Assuming without deciding that Richardson established a *prima facie* case, he did not demonstrate that the USPS's reason for refusing to assign him light-duty work or for requiring him to undergo a second fitness-for-duty examine was pretext for discrimination. The USPS claimed that Richardson's comprehension limitations posed a safety problem, and Richardson offered no evidence that this nondiscriminatory reason was false or a pretext. He failed to meet his burden under *McDonnell Douglas*, so summary judgment on this issue was not error.

Second, Richardson urges that the USPS discriminated against him because he is disabled. Richardson, however, has not made the requisite showing that he is disabled as defined by the Rehabilitation Act,[4] so the court rightly granted summary judgment. "An individual with a disability is any person who (1) has a physical or mental impairment which 'substantially limits one or more of such person's major life activities'; (2) has a 'record' of such an impairment; or (3) is 'regarded' as having such an impairment."[5]

Richardson offered no evidence that his impairments substantially limited a major life activity, so he is not disabled under the first prong. To have an impairment that substantially limits a major life activity, an "individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives. The impairment's impact must also be permanent or long term." *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 198 (2002).

Richardson does not even allege that his impairments prevent or severely restrict major life activities, and the evidence suggests that his do not. His doctors and the examinations all concluded his ability to lift was not substantially impaired, and none suggested that his comprehension limitations prevented or severely restricted activities that are of central importance to most people's daily lives. Thus,

---

[3] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

[4] *Hileman v. City of Dallas*, 115 F.3d 352, 353 (continued...)

---

[4](...continued) (5th Cir. 1997) ("To qualify for relief under the Rehabilitation Act, a plaintiff must prove that (1) he is an 'individual with a disability'; (2) who is 'otherwise qualified'; (3) who worked for a 'program or activity receiving Federal financial assistance'; and (4) that he was discriminated against 'solely by reason of her or his disability.' 29 U.S.C. § 794(a); *Chandler v. City of Dallas*, 2 F.3d 1385, 1390 (5th Cir.1993).").

[5] *Hileman*, 115 F.3d at 353 (quoting 29 U.S.C. § 706(8)(B) (West Supp. 1997)).

3

the district court did not err in its conclusion Richardson is not disabled under the first prong.

Similarly, Richardson presented no evidence that there was a record of an impairment that substantially limited a major life activity, so he was not disabled under the second prong. His best evidence that the USPS regarded him as having an impairment that substantially limits a major life activity is the fact that the USPS did not permit him to work. Nonetheless, "[a]n employer's belief that an employee is unable to perform one task with an adequate safety margin does not establish *per se* that the employer regards the employee as having a substantial limitation on his ability to work in general." *Chandler v. City of Dallas*, 2 F.3d 1385 (5th Cir. 1993).

Without more evidence, Richardson failed to present evidence that the USPS regarded him as disabled. Because he was not disabled under the Rehabilitation Act, his claim of discrimination because of disability was correctly dismissed at summary judgment.

Finally, Richardson complains of a violation of his constitutional procedural due process rights. Without reaching whether he can assert such claims given the statutory remedies available to him, we agree with the district court that Richardson has not offered evidence that any of his procedural rights was violated. He had access to and was heard by both administrative and judicial bodies, which addressed his claims.

AFFIRMED.